288 January 2, 2025 No. 14

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ISAIAH JOHNNIE HAHN,
*Defendant-Appellant.*

Linn County Circuit Court
21CR26277, 21CR20822; A180951 (Control), A180954

Brendan J. Kane, Judge.

Submitted October 23, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Emily P. Seltzer, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jennifer S. Lloyd, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and Pagán, Judge.

SHORR, P. J.

Judgments vacated and remanded.

**SHORR, P. J.**

In these consolidated criminal cases, defendant appeals two amended judgments that amended his original sentences. The original judgments were entered as part of a plea agreement and stipulated sentences involving three cases: Case No. 21CR20822 (the burglary case), in which defendant pleaded no contest and was convicted of first-degree burglary and two misdemeanor offenses and another misdemeanor offense was dismissed; Case No. 21CR26277 (the assault case) in which the state reduced a second-degree assault charge to third-degree assault, to which defendant pleaded guilty; and Case No. 21CR17790, which is not before us in this appeal. More than a year after the original sentencing, defendant moved the trial court under ORS 137.172 to correct the sentence in the assault case. Defendant contended that the sentence in the assault case was erroneous because it exceeded the statutory maximum sentence for third-degree assault.

The trial court held a hearing and entered an amended judgment changing the sentences in both the assault case and, on its own motion, the burglary case. Defendant was not present for that hearing, but his appointed counsel was present on his behalf. Defendant had, however, stated in his motion that he was proceeding *pro se* and requested oral argument. The trial court did not address that issue at the hearing. After the hearing, defendant sent a letter to the court indicating that he did not want his appointed counsel to represent him. The state concedes that the trial court erred by holding a sentencing hearing outside defendant's presence and by not addressing defendant's written request to represent himself in the proceeding. Accepting the state's concession, we vacate the amended judgments and remand. Our discussion below primarily concerns the parties' dispute over whether or how to direct the trial court in proceeding on remand.

The underlying plea agreement, which encompassed three cases that were all sentenced together, was negotiated with one of the goals being to keep defendant "out of Measure 11." The state reduced the assault charge to third-degree assault and dismissed a misdemeanor charge. Defendant, for his part, stipulated to a higher grid block, a durational

departure, and ultimately an 80-month prison sentence. As part of the original sentencing and judgments, the court imposed the 80-month stipulated sentence on the assault charge. All other sentences were imposed concurrent with that sentence. Because defendant stipulated to the sentence, it would have been outside of the scope of our review, had he timely challenged it on appeal. ORS 138.105(9). In addition, when a conviction that is part of a sentencing package—*i.e.*, where multiple convictions are sentenced together—must be resentenced, we would remand the entire case for the sentencing court to resentence the defendant on any of the convictions that it sentenced in the first instance. *See* ORS 138.257(4); *see also, e.g.*, *State v. Zolotoff*, 275 Or App 384, 394, 365 P3d 131 (2015) ("[W]hen an appellate court's decision affects part of a felony sentencing package—even by doing nothing more than requiring merger of two guilty verdicts—resentencing on *all* convictions that form part of that package is required on remand." (Emphasis in original.)).

When the trial court addressed defendant's motion to correct the sentence in the assault case, it reduced that sentence from 80 months to 27 months in prison. On its own motion, it then entered an amended judgment in the burglary case to give effect to the parties' stipulated sentence for the entire three-case plea agreement, which was for defendant to serve 80 months in prison, with the possibility of sentence reduction programs such as earned time and good time. The court reduced the 55-month sentence on the burglary charge to 53 months and made that sentence consecutive to the assault sentence rather than concurrent.

Defendant argues on appeal that the amended judgment in the assault case, in which his term of imprisonment was reduced to 27 months, should be reversed and remanded for a new hearing under ORS 137.172. He also argues that there was no erroneous term in the burglary judgment, so the trial court was without authority to amend that judgment. He contends that we should reverse that amended judgment and remand for the court to reinstate the original judgment in that case.

The state concedes that the trial court erred by holding the hearing outside defendant's presence, and as a

result, failing to address defendant's request to represent himself. The state also agrees that the amended judgments should be reversed. It takes issue, however, with defendant's proposed disposition. The state asks that we reverse and remand without instructing the trial court that it must both hold a hearing on the motion to modify the judgment in the assault case and reinstate the original burglary judgment. We agree with the state.

When it chose to hold a hearing in which it granted defendant's ORS 137.172 motion to "correct" the sentence in the assault case, the trial court erred by holding that hearing in defendant's absence. It further erred by not considering defendant's request to represent himself. Those errors require us to vacate and remand both of the amended judgments. Because there is more than one way that the trial court may proceed on remand, we decline to further instruct the court.

Judgments vacated and remanded.